IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RIXOMA, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **Civil Action No. 3:17-CV-2672-L** |
| | § | |
| **TRENDTEK, LLC,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On September 29, 2017, Plaintiff Rixoma, Incorporated ("Plaintiff") filed this action against Defendant Trendtek, LLC ("Defendant"), seeking a declaration from the court, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that a letter of intent entered into by the parties pertaining to a license agreement "is not a binding contract or agreement between the two companies but rather an unenforceable and illusory 'agreement to agree.'" Complaint for Declaratory Judgment 1 (Doc. 1). Plaintiff alleges that "[t]his court has subject matter jurisdiction over the claims presented pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the statutory minimum, and there is complete diversity of citizenship as between Plaintiff, an Oklahoma citizen, and Defendant, a Texas citizen." *See id.* ¶ 4. For the reasons that follow, the court **concludes** that Plaintiff's jurisdictional allegations are deficient, as the court is unable to determine whether its exercise of subject matter jurisdiction is appropriate on the face of the pleadings. In addition to pleading deficiencies with respect to diversity of citizenship and the amount in controversy requirements, the court puts Plaintiff on notice that it has serious doubts that this declaratory judgment action is ripe for adjudication.

I.    **Subject Matter Jurisdiction**

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).[1] A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own

---

[1] Notably, "the Declaratory Judgment Act is not an independent source of federal jurisdiction[,] [and] the availability of such relief presupposes the existence of a judicially remediable right[.]" *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (internal citation omitted).

initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

      A.      **28 U.S.C. § 1332**

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). In defining or explaining the meaning of the term "principal place of business," the Supreme Court stated:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, [that is], the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

"When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, 135 S. Ct. 547, 553 (2014) (collecting cases).

### B. The Doctrine of Ripeness

Article III of the Constitution confines the federal courts to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2. In an attempt to give meaning to Article III's "case or controversy requirement," the courts have developed a series of principles termed "justiciability doctrines." *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). One such doctrine is ripeness. "Ripeness doctrine 'is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Opulent Life Church v. City of Holly Springs,* 697 F.3d 279, 286 (5th Cir. 2012) (quoting *Reno v. Catholic Soc. Servs., Inc.,* 509 U.S. 43, 58 n. 18 (1993)); *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 670 n. 2 (2010) ("Ripeness reflects constitutional considerations that implicate Article III limitations on judicial power, as well as prudential reasons for refusing to exercise jurisdiction." (internal quotation marks

omitted)). Ripeness is "peculiarly a question of timing whose basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Opulent Life Church*, 697 F.3d at 286 (internal punctuation and citations omitted). The ripeness doctrine separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review. *See Abbott Labs. v. Gardner,* 387 U.S. 136, 148 (1967), *overruled on other grounds, Califano v. Sanders,* 430 U.S. 99 (1977). "Declaratory judgments cannot be used to seek an opinion advising what the law would be on a hypothetical set of facts." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citation omitted). A case is ripe for adjudication if all remaining questions are legal and further factual development is unnecessary. *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans,* 833 F.2d 583, 587 (5th Cir. 1987). A claim is not ripe if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300 (1998) (internal punctuation and citations omitted). Two key considerations exist for courts evaluating the ripeness of an action: "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *New Orleans Pub. Serv.,* 833 F.2d at 586 (quoting *Abbott Labs.,* 387 U.S. at 149).

## II.     Analysis

Plaintiff's Complaint fails to set forth the necessary allegations to establish Defendant's citizenship or that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Plaintiff alleges that it is an Oklahoma corporation with its principal place of business in Edmond, Oklahoma. Compl. ¶ 1. Plaintiff further alleges that Defendant "is a limited liability company with its principal place of business located at 2140 E. Southlake Blvd., Southlake,

**Memorandum Opinion and Order- Page 5**

Texas." *Id.* ¶ 2. Based on these pleadings, Plaintiff alleges there is "complete diversity of citizenship as between Plaintiff, an Oklahoma citizen, and Defendant, a Texas citizen." *Id.* ¶ 4.

As previously stated, the citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey*, 542 F.3d at 1080; *see also Carden*, 494 U.S. at 195-96 (a partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners). A limited liability company's "principal place of business," as alleged by Plaintiff, is not germane to the court's determination of its citizenship for diversity purposes. Plaintiff fails to list or state the citizenship of each of Defendant's members. *See* Compl. ¶ 2. Absent these allegations, the court is unable to determine whether the parties are diverse and, therefore, whether it has subject matter jurisdiction.

With respect to the amount in controversy, Plaintiff merely asserts "that the amount in controversy exceeds the statutory minimum[.]" *See id.* ¶ 4. "[I]n cases seeking equitable relief 'it is well-established that the amount in controversy is measured by the object of the litigation.'" *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 640 (5th Cir. 2003) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *see also Farkas v. GMAC Mortgage, Inc.*, 737 F.3d 338, 341 (5th Cir. 2013) ("[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.") (citation omitted). Plaintiff seeks a declaration that the letter of intent executed by the parties is unenforceable and that it has no duties under it. On the face of the Complaint, it is impossible to tell the value, if any, of the right to be protected or the extent of any injury.

Finally, in the present case, Plaintiff brings its claim under the Declaratory Judgment Act, which provides: "In a case of *actual controversy* within its jurisdiction . . . any court of the United

States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).

The court applies the following three-step inquiry when determining whether to decide or dismiss a federal declaratory judgment action: (1) whether the declaratory action is justiciable, a threshold issue; (2) if it has jurisdiction, whether the court has the authority to grant declaratory relief in the present action; and (3) if it has jurisdiction and authority, whether to exercise its broad discretion to decide or dismiss the action. *The Sherwin Williams Co. v. Holmes County,* 343 F.3d 383, 387 (5th Cir. 2003); *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 895 (5th Cir. 2000). If the action is not ripe for adjudication and therefore not justiciable, the court need not reach the second or third steps. *Shields v. Norton,* 289 F.3d 832, 837 (5th Cir. 2002) ("[W]e must not proceed until the issue is ripe—until we have that case or controversy."). Thus, even actions for declaratory relief, which by design permit pre-enforcement review, require the presence of an actual "case" or "controversy." *United Trans. Union,* 205 F.3d at 857; *see also Orix Credit Alliance,* 212 F.3d at 896 (recognizing that although "applying the ripeness doctrine in the declaratory judgment context presents a unique challenge . . . , a declaratory judgment action, like any other action, must be ripe in order to be justiciable.").

In this case, Plaintiff appears to root the controversy in the threat of potential litigation, noting that Defendant has repeatedly claimed that [Plaintiff] entered into a binding and enforceable contract (the Letter of Intent) and has threatened to sue it following the breakdown in the parties' negotiations. According to Plaintiff, threats of litigation were made in March 2017 via text message and e-mail. *See* Compl. ¶ 14. "The threat of litigation, if specific and concrete, can indeed establish

**Memorandum Opinion and Order- Page 7**

a controversy upon which declaratory judgment can be based." *Orix Credit Alliance,* 212 F.3d at 897. Here, alleged threats as far back as March 2017 cause the court to question not only whether the alleged threats were "specific and concrete," but also the practical likelihood that the contingencies of filing a suit will ever occur. *See id.* (quoting *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992) ("That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action. . . . Rather, courts should focus on the 'practical likelihood that the contingencies will occur.'") (citation omitted)).[2]

## III. Conclusion

To ensure this court has jurisdiction to hear this case, Plaintiff must file an amended complaint addressing the pleading defects identified by the court. The deadline to file an amended complaint is **Wednesday, December 27, 2017.** If Plaintiff fails to comply with this order, the action will be dismissed for Plaintiff's failure to establish that the court has subject matter jurisdiction.

It is so **ordered** this 12th day of December, 2017.

Sam A. Lindsay
United States District Judge

---

[2] The court also questions whether the matter is moot, in light of the assertion in Rixoma's Complaint that on September 1, 2017, the United States Patent and Trademark Office, with respect to the same patent application referenced in the Letter of Intent, rejected each and all the claims in the application as "non-patentable." Compl. ¶ 7.

**Memorandum Opinion and Order- Page 8**